IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
May 11, 2026
LAURA A. AUSTIN, CLERK
BY:  s/J.Vasquez
DEPUTY CLERK

| | | |
|---|---|---|
| **WINSTON NAJEE REED,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00568 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **WARDEN DAVID ZOOK, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Winston Najee Reed, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendants violated his rights by confiscating his religious property items.  Reed has also filed a motion seeking interlocutory injunctive relief to be transferred to a different facility.  Mot. Prelim. Inj., Dkt. No. 12.  Upon review, I conclude that certain claims must be dismissed, and the Motion for Preliminary Injunction must be denied.

## I.    BACKGROUND.

At relevant times, Reed was housed at Wallens Ridge State Prison (Wallens Ridge).  Notably, public records available on the Virginia Department of Corrections (VDOC) website reveal that since the filing of the Complaint, Reed has been transferred from Wallens Ridge to Red Onion State Prison.  According to Reed's pro se Complaint, in June 2025, defendants Lovelle and Lawson confiscated Reed's

religious property items at the direction of defendant Sexton.  Reed is Muslim and

had prayer oils and a head covering, known as a Kufi, in his possession.  The officers

determined that Reed had more than the permitted amount of prayer oil and because

the Kufi had not been purchased from the prison commissary, it was unauthorized.

Reed claims that the restriction on the amount of prayer oil violated his rights

because in his religion, Jesus used more than one prayer oil.  He further claims that

having prayer without a Kufi "goes against what Prophet Muhammed did every time

he prayed."  Compl. 5, Dkt. No. 1.  To initiate the grievance process regarding the

confiscation of these items, Reed submitted a written complaint on the issue.

Defendant Sexton responded to the written complaint with the following:

> OP841.3 states you are allowed 1 prayer oil which you were issued and
> the excess was confiscated.  As far as the Kufi, on 6/18/25 your Kufi
> was taken to be inspected by Major Hall.  Upon his inspection, he
> determined that your Kufi was not authorized and that you would buy
> one from Commissary.

*Id.* Ex. A, Dkt. No. 1-2.  Reed then filed a regular grievance.  On intake, defendant

Vilbrandt responded, indicating that Reed was not personally affected.  Defendant

Meade upheld the intake decision.  Thereafter, Reed appealed to the Regional

Ombudsman, who he designates as defendant Meade who he claims ignored the

appeal.  Reed contends that "all of these violations are going on under Warden

Zook's supervision . . . and they are still hindering people's religion knowingly after

being informed in detail."  *Id.* at 6, Dkt. No. 1.  He further states that "these violations

have spiritually corrupted me causing mental and emotional damage." *Id.* As relief, Reed seeks monetary and injunctive remedies, including transfer to a different facility and termination of certain defendants' employment.

## II. DISCUSSION.

Pursuant to 28 U.S.C. § 1915A, upon review of a civil action initiated by a prisoner, I may "identify cognizable claims or dismiss the complaint, or any portion of the complaint" should I determine that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim includes factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Reed presents his claims under 42 U.S.C. § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Although Reed does not specifically state which civil rights the defendants have violated, it appears that Reed is bringing claims under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). I conclude that certain defendants and

-3-

claims must be summarily dismissed for Reed's failure to state a claim upon which relief may be granted.

## A. RLUIPA Claims.

Under RLUIPA,

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person —

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).  However, as the law currently stands in this circuit, when RLUIPA is invoked under circumstances such as those presented here, "plaintiffs may not pursue claims for money damages against state officials."  *Gentry v. Robinson*, 837 F. App'x 952, 957 (4th Cir. 2020); *see also Rendelman v. Rouse*, 569 F.3d 182, 187 (4th Cir. 2009) (explaining that RLUIPA does not authorize claims for money damages against officials sued in their official or individual capacities).

Because damages are not an authorized form of relief under RLUIPA, Reed's "only potential remedies under RLUIPA are equitable."  *Wall v. Wade*, 741 F.3d 492, 496 n. 5 (4th Cir. 2014).  As injunctive relief, Reed has requested that "the major, property sergeant, and C/O Lawson and C/O Lovelle to be fired and never allowed to work in DOC or [ineligible]."  Compl. 7, Dkt. No. 1.  However, under

-4-

the Prison Litigation Reform Act, such prospective relief would not be the "least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. 3626(a)(1).  This is particularly so where Reed has since been transferred to a different facility and is no longer subject to any prospective conduct by officials at Wallens Ridge.  *See Rendelman*, 569 F.3d at 186 ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.").  Therefore, Reed has not set forth a claim under RLUIPA for which any form of relief may be granted.

### B. Section 1983 Claims Against Defendants Zook, Vilbrandt, and Meade.

To state a claim under § 1983, a plaintiff must plead facts supporting a reasonable inference that each defendant had "personal involvement" in the alleged underlying constitutional violation.  *Iqbal*, 556 U.S. at 676.  Therefore, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id.*

To hold a supervisory official liable for misconduct by a subordinate employee, the plaintiff must state facts showing that: (1) the defendant had actual or constructive knowledge that subordinate[s]' misconduct "posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff," (2) the defendant's "response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) an

affirmative causal link" existed between the defendant's inaction and the plaintiff's constitutional injury. *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014).

Although Reed contends that defendant Zook was "informed in detail" of religious issues at the prison, he has failed to plead facts demonstrating an affirmative causal link between the confiscation of Reed's religious property items and any conduct by Zook. Therefore, Reed's constitutional claims against Zook lack merit.

Reed's only claims against defendants Vilbrandt and Meade appear to be related to their decisions on his grievances. However, a supervisory or administrative official's response to a grievance or appeal about another official's allegedly unconstitutional actions does not place liability on the responder for the supposed underlying misdeed without evidence of the responder's personal involvement in it. *Iqbal*, 556 U.S. at 676. Moreover, inmates do not have a constitutionally protected right to participate in a prison grievance procedure. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Thus, prison officials cannot be held liable merely for their responses to, much less their mere participation in, the grievance or appeal proceedings. *Pace v. Dillman*, No. 7:21CV00648, 2023 WL 6147791, at *5 (W.D. Va. Sept. 20, 2023).

Accordingly, Reed's claims against defendants Zook, Vilbrandt, and Meade must be dismissed, and only Reed's First Amendment Free Exercise claims against

the remaining defendants, Lawson, Lovelle, Sexton, and Hall, will move forward in this litigation.[1]

## C. Motion for Preliminary Injunction.

A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. *Id.*

Reed fails to satisfy the *Winter* factors, particularly when the issues raised in his Motion are completely unrelated to the allegations in the subject Complaint. Instead, he has added new claims without seeking leave to do so. *See Dobson v. Clarke*, No. 3:22CV132, 2024 WL 1468339, at *6 (E.D. Va. Apr. 4, 2024) (unpublished) ("[L]itigants may not spackle new allegations or defendants onto the original complaint."). He states that he is being denied law library access and mental

---

[1] To the extent that Reed has attempted to assert an equal protection claim under the Fourteenth Amendment, he has failed to do so. To state such a claim Reed must "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Although Reed states that that the defendants' conduct amounted to "discrimination," he does not claim that he is being treated differently from others with whom he is similarly situated. Compl. 5, Dkt. No. 1. Rather, he reasons that Wallens Ridge is the only facility where his religious property items have been confiscated, whereas such confiscation has not occurred at other facilities in which he has previously been housed. Thus, any claim intended to be raised under the Fourteenth Amendment fails.

health services, retaliated against by officials for filing grievances, sexually harassed, and fed pork by another staff member.  If Reed desires to assert these new claims, he may do so by filing a separate lawsuit and specifically describing the conduct by the individual or individuals who have deprived him of constitutional protections.

Furthermore, Reed states that he fears for his life at Wallens Ridge and requests that the court order that he be transferred to a different facility.  First, I must emphasize that inmates have no constitutional right to be housed in any particular prison or jail within the state where they are convicted.  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (finding no liberty interest in avoiding interstate prison transfer).  However, because Reed has been transferred to a different facility, his request for a court order in that respect is now moot.  Therefore, Reed's Motion for Preliminary Injunction will be denied.

III.    CONCLUSION.

For the reasons stated, it is ORDERED as follows:

1.    Reed's claims under RLUIPA are dismissed;

2.    Reed's claims against defendants Zook, Vilbrandt, and Meade are dismissed and such defendants are terminated as parties;

3.    Reed's Motion for Preliminary Injunction, Dkt. No. 12, is denied; and

4.    The Clerk will cause notice of this action served pursuant to Rule 4 of

the Federal Rules of Civil Procedure and the Agreement on Acceptance of Service as to the remaining defendants, who may respond only to First Amendment Free Exercise claims.

ENTER:  May 11, 2026

/s/  JAMES P. JONES
Senior United States District Judge